**EFiled: Apr 05 2016 12:38PM EDT**
**Transaction ID 58811447**
**Case No. 11475-VCS**

# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

April 5, 2016

Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Richard P. Rollo, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Re:     *Wong v. USES Holding Corp.*
        C.A. No. 11475-VCS
        Date Submitted: March 11, 2016

Dear Counsel:

Pursuant to Court of Chancery Rule 59(f), Plaintiffs Felix Wong and

Gregory Johnson ("Plaintiffs") have moved for reargument of this Court's

February 26, 2016 letter opinion in which the Court held that: (1) Plaintiffs were

entitled to recover "fees on fees" incurred on or after November 25, 2015, the date

on which they submitted their undertakings to Defendant USES Holding Corp.

("USES"); and (2) the USES Bylaws did not require Plaintiffs to share in fees and

costs billed by the Special Master in the administration of this advancement

litigation. Plaintiffs seek reargument only with respect to the Court's determination that they are not entitled to "fees on fees" incurred prior to the date on which they submitted their undertakings to USES. For the reasons that follow, the Motion is denied.

The Court will deny a motion for reargument "unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected."[1] Where the motion merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied.[2]

In seeking reargument, Plaintiffs assert that (1) the Court improperly determined that 8 *Del. C.* § 145(e) and the USES Bylaws required Plaintiffs to submit an undertaking as a precondition to seeking a "fees on fees" recovery; (2) the Court incorrectly cited *Underbrink v. Warrior Energy Services Corp.*, 2008

---

[1] *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985).
[2] *See Lewis v. Aronson*, 1985 WL 21141, at *2 (Del. Ch. June 7, 1985).

WL 2262316 (Del. Ch. May 30, 2008) for the proposition that a plaintiff must first submit an undertaking to perfect his right to recover fees incurred while prosecuting a claim for advancement wrongfully withheld by the corporation;[3] and (3) the Court failed to consider that USES did not timely raise Plaintiffs' delayed submission of their undertakings as a basis to oppose their request for "fees on fees."

The record reflects that the parties addressed in their partial summary judgment briefing the extent to which Plaintiffs could recover "fees on fees" incurred prior to the submission of their undertakings to USES on November 25, 2015. Indeed, Plaintiffs expressly argued that the submission of undertakings to USES should have no bearing on the Court's analysis of their right to "fees on fees" under Section 145(e) of the DGCL or USES's Bylaws.[4] Then, at oral argument, the Court expressed its concern that "all the boxes haven't been

[3] According to Plaintiffs, at best for USES, *Underbrink* would support the notion that it could refuse to make a *payment* of advanced fees until it received the undertakings from Plaintiffs. It could not, however, rely upon *Underbrink* to deny Plaintiffs their right to advancement altogether simply because the undertakings had not yet been submitted. Pls.' Mot. for Rearg. at 5-6.

[4] Def.'s Br. in Opp'n to Pls.' Mot. for Partial Summ. J. at 19; Pls.' Reply Br. in Supp. of Their Mot. for Partial Summ. J. at 2-3.

checked" to support Plaintiffs' claim that USES had wrongfully refused to honor Plaintiffs' advancement demand prior to November 25, 2015.[5] Plaintiffs attempted to address that concern with the same argument Plaintiffs now advance on reargument: that Plaintiffs are entitled to recover all "fees on fees" incurred from the outset of their assertion of advancement rights because USES has consistently maintained that Plaintiffs had no right to advancement at all, regardless of whether Plaintiffs had submitted their undertakings *vel non*.[6] The Court ultimately rejected that argument.[7] Plaintiffs' effort to "rehash" the point on reargument cannot be countenanced.[8]

Even if I concluded that Plaintiffs were not restating arguments, I would be hard-pressed to find fault with the Court's treatment of Plaintiffs' "fees on fees" claim. Until Plaintiffs submitted their undertakings, USES would have been within its rights under Section 9.1(b) of its Bylaws and Section 145(e) of the DGCL to reject Plaintiffs' claims for advancement on that ground alone. Fees incurred by

---

[5] Tr. of Oral Arg. Pls.' Mot. for Partial Summ. J. ("Oral Arg. Tr.") 19.
[6] Pls.' Mot. for Rearg. at 7.
[7] *Wong v. USES Hldg. Corp.*, 2016 WL 769043, at *3 (Del. Ch. Feb. 26, 2016).
[8] *Lewis*, 1985 WL 21141, at *2.

Plaintiffs to prosecute a claim that USES would have been justified in rejecting are not recoverable as "fees on fees."[9]

Because I find no fault with the Court's disposition of the "fees on fees" claim, I cannot accept Plaintiffs' argument that the Court improperly interpreted *Underbrink*. Indeed, *Underbrink* fully supports the Court's conclusion that USES had no obligation to advance funds, and could properly withhold advancement, until such time as the Plaintiffs delivered their mandated undertakings to the corporation.[10] While it is true, as Plaintiffs observe, that the Court in *Underbrink* appears to have awarded "fees on fees" incurred prior to the delivery of the undertaking (as evidenced by the award of prejudgment interest on those fees), nothing in *Underbrink* suggests that the Court was asked to consider whether the

---

[9] *Mooney v. Echo Therapeutics, Inc.*, 2015 WL 3413272, at *12 (Del. Ch. May 28, 2015) (holding that the court will award "fees on fees when a plaintiff successfully shows an entitlement to advancement wrongfully withheld by the defendant corporation").

[10] *Underbrink*, 2008 WL 2262316, at *13 ("Where a bylaw clearly creates a right to mandatory advancement, the right is enforceable upon satisfaction of the prerequisites, including the appropriate form of undertaking as specified in the bylaws.").

defendant was, under the Bylaws or as a matter of law, obliged to pay such fees. The issue simply was not addressed.

Finally, Plaintiffs' position that USES somehow waived its argument regarding the effect of Plaintiffs' belated delivery of their undertakings on their claim for "fees on fees" does not comport with the record. USES advised Plaintiffs that they were required to "deliver . . . necessary undertakings" in connection with their demand for advancement at least as early as October 2, 2015, some seven weeks prior to the November 25 submission date.[11]

Based on the foregoing, Plaintiffs' Motion for Reargument must be denied.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

JRSIII/cap
cc:    Register in Chancery-K

---

[11] *See* Oral Arg. Tr. 26; Def.'s Br. in Opp'n to Pls.' Mot. for Partial Summ. J. at 5.